# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

HIRAN PUJOL,

    Plaintiff(s),

v.

BANK OF AMERICA HOME LOANS, N.A., et al.,

    Defendant(s).

2:12-CV-1616 JCM (VCF)

**ORDER**

Presently before the court is plaintiff Hiran Pujol's emergency motion for preliminary injunction. (Doc. # 6). Defendants Bank of America, N.A., for itself and as successor by merger to BAC Home Loans Servicing, LP, Deutsche Bank National Trust Co. as Trustee for the Certificate holders of Merrill Lynch Mortgage Investors Trust, Mortgage Loan Asset-Backed Certificates, Series 2007-MLN1, and Mortgage Registration Systems, Inc. have filed an opposition (doc. # 13), to which plaintiff has replied (doc. # 14).

**I.   Background**

On October 23, 2006, plaintiff refinanced his property located at 7607 Brightwood Drive, Las Vegas, Nevada 89123. Plaintiff obtained a $279,500.00 loan from Mortgage Lenders Network USA, Inc. secured with a deed of trust encumbering the property. The deed of trust allows the lender to foreclose on the property if plaintiff does not make required loan payments and permits the lender to appoint a substitute trustee.

**James C. Mahan**
**U.S. District Judge**

1    On or about February 1, 2011, plaintiff defaulted on the loan.[1] On August 5, 2011, Mortgage Registration Systems, Inc. (MERS) assigned the deed of trust to Bank of America. That same day, Bank of America substituted ReconTrust as trustee under the deed. Upon substitution, ReconTrust executed and recorded a notice of default.

On April 30, 2012, after unsuccessful resolution in the Nevada Foreclosure Mediation Program, Nevada state court ordered that a foreclosure certificate issue. On May 2, 2012, the certificate was issued. And on September 10, 2012, ReconTrust recorded a notice of trustee's sale, noticing a September 27, 2012, sale date; however, to date, the sale has not yet gone forward.

On September 13, 2012, plaintiff filed a complaint in this court. Plaintiff's complaint alleges violation of the Real Estate Settlement Procedures Act and the "Fair Debt Collect Act,"[2] as well as causes of action for fraudulent foreclosure, fraudulent assignment, and notary fraud. (Doc. # 1). Plaintiff seeks a preliminary injunction to enjoin the foreclosure of his residence by defendants. (Doc. # 6). Plaintiff represents that the foreclosure is currently set for October 25, 2012. Defendants contend that plaintiff filed his preliminary injunction motion to stall foreclosure of his residence. (Doc. # 13).

## II.    Legal Standard

Federal Rule of Civil Procedure 65 allows a court to issue a preliminary injunction. "An injunction is a matter of equitable discretion" and is "an extraordinary remedy that may only be awarded upon a clear showing that the plaintiff is entitled to such relief." *Winter v. Natural Res. Def. Council, Inc.,* 555 U.S. 7, 22, 32 (2008). To prevail on a motion for a preliminary injunction plaintiff must establish: (1) a likelihood of success on the merits; (2) a likelihood of irreparable injury if the preliminary injunction is not granted; (3) that the balance of hardships tips in plaintiff's favor; and (4) that an injunction is in the public interest. *Id.* at 20.

. . .

---

[1] Plaintiff appears to concede this point in his reply (doc. 4:12-14) ("While Defendant is alleging Plaintiff is not making payments, they fail to acknowledge they breached the contract first.").

[2] The court construes this as a violation of the Fair Debt Collection Practices Act.

**James C. Mahan**
**U.S. District Judge**

- 2 -

## III. Discussion

### A. Success on the merits

#### 1. Real Estate Settlement Procedures Act

The Real Estate Settlement Procedures Act (RESPA) requires that loan servicers to respond to qualified written requests. Qualified written requests are defined as:

> a written correspondence, other than notice on a payment coupon or other payment medium supplied by the servicer, that–
>
> (I) includes, or otherwise enables the servicer to identify, the name and account of the borrower; and
>
> (ii) includes a statement of the reasons for the belief of the borrower, to the extent applicable, that the account is in error or provides sufficient detail to the servicer regarding other information sought by the borrower.

12 U.S.C. § 2605(e)(1)(B).

On August 20, 2012, plaintiff sent a letter to defendant Bank of America stating that defendants had engaged in fraud and listed those fraudulent activities generally. (Doc. # 1, Ex. 5). This letter, however, does not qualify as a "qualified written request" as it does not state why "the account is in error." *See* 12 U.S.C. § 2605(e)(1)(B). Instead, this letter is derivative of plaintiff's allegation that the note and deed of trust were impermissibly split and that MERS did not have authority to execute the assignment of the deed of trust. *See Pernell v. BAC Home Loans Servicing, LP*, 2011 WL 318539 (E.D. Cal. Feb. 1, 2011). Because the letter provided is not a qualified written request, there can be no violation of 12 U.S.C. § 2605(e)(1)(A) or (e)(2).

Even if the letter attached to plaintiff's complaint were a qualified written request, plaintiff does not sufficiently allege actual damages or a pattern or practice of RESPA violations as required by 12 U.S.C. § 2605(f)(1)(A) and (B). Although plaintiff alleges that there were "numerous inquiries and requests for documentation," (doc. # 1, ¶ 50), plaintiff attached only one letter to his complaint. Defendants even provided an additional letter that plaintiff might also allege to be a qualified written request, however, the court does not find that two RESPA violations constitute a "pattern or practice." Further, plaintiff alleges that he was damaged "in excess of $100,000," (doc. # 1, ¶ 52), but this does not demonstrate what plaintiff's actual damages are. Without a sufficiently alleged

**James C. Mahan**
**U.S. District Judge**

- 3 -

pattern or evidence that plaintiff suffered pecuniary loss as a result of RESPA violations, the court cannot conclude that plaintiff is likely to enjoy success on the merits of this claim.

### 2. Fraud Claims: Fraudulent Foreclosure, Fraudulent Assignment, Notary Fraud

Fed. R. Civ. P. 9(b) provides that for a party to allege fraud, he "must state with particularity the circumstances constituting fraud . . . . Malice, intent, knowledge, and other conditions of a person's mind may be alleged generally." FED. R. CIV. P. 9(b). Assertions of fraud must include "the who, what, when, where, and how" of the misconduct alleged. *Vess v. Ciba-Geigy Corp. USA*, 317 F.3d 1097, 1106 (9th Cir. 2003). Rule 9 serves several purposes, including: (1) providing defendants with adequate notice so they are able to defend the charge and deter plaintiffs from filing complaints "'as a pretext for the discovery of unknown wrongs'; (2) to protect those whose reputation would be harmed as a result of being subject to fraud charges; and (3) to 'prohibit [ ] plaintiff[s] from unilaterally imposing upon the court, the parties and society enormous social and economic costs absent some factual basis.'" *Kearns v. Ford Motor Co.*, 567 F.3d 1120, 1125 (9th Cir. 2009) (quoting *In re Stac Elecs. Sec Litig.*, 89 F.3d 1399, 1405 (9th Cir. 1996)(citation omitted)).

Here, the court finds that plaintiff has not sufficiently alleged his fraud claims with particularity as required by Rule 9. Plaintiff's claims are vague and conclusory. Thus, the court cannot find that plaintiff is likely to prevail on these claims.

### 3. Fair Debt Collection Practices Act

To be liable for violation of the Fair Debt Collection Practices Act (FDCPA), the defendant must be a "debt collector" within the meaning of the act. *Heintz v. Jenkins*, 514 U.S. 291, 294 (1995). "The activity of foreclosing on a property pursuant to a deed of trust is not the collection of a debt within the meaning of the FDCPA." *Gallegos v. ReconTrust Co.*, 2009 WL 215406, at *3 (S.D. Cal. Jan. 29, 2009); *see also Camacho-Villa v. Great Western Home Loans*, 2011 WL 1103681, at *4 (D. Nev. Mar. 23, 2011).

Here, defendants are foreclosing on a property under a deed of trust and therefore are not "debt collectors" within the meaning of FDCPA. Thus, as a threshold matter, the court cannot

**James C. Mahan**
**U.S. District Judge**

- 4 -

conclude that plaintiff is likely to succeed on his FDCPA claim.

   **B.**  **Irreparable Harm, Balance of Equities, and Public Interest**

   Plaintiff cannot demonstrate a likelihood of success on the merits. Although a foreclosure upon plaintiff's residence would undoubtedly cause him irreparable harm, the court finds that the balance of equities and the public interest do not weigh in favor of granting extraordinary relief to plaintiff.

**IV.** **Conclusion**

   Accordingly,

   IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that plaintiff's motion for an emergency preliminary injunction (doc. # 6) be, and the same hereby is, DENIED.

   DATED October 17, 2012.

_____
**UNITED STATES DISTRICT JUDGE**