UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

HIRAN PUJOL,

        Plaintiff(s),

v.

BANK OF AMERICA HOME LOANS, N.A., et al.,

        Defendant(s).

2:12-CV-1616 JCM (VCF)

**ORDER**

Presently before the court is defendants Bank of America, N.A. for itself and as successor by merger to BAC Home Loans Servicing, LP; Deutsche Bank National Trust Co. as trustee for the certificate holders of Merrill Lynch Mortgage Investors Trust, Mortgage Loan Asset-Back Certificates, Series 2007-MLN1; and Mortgage Electronic Registration Systems, Inc.'s motion to dismiss. (Doc. # 10). Following two requests for additional time to submit a timely response to defendants' motion, plaintiff Hiran Pujol has failed to file an opposition. (*See* docs. # 20, 22).[1]

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim for relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "Where a complaint pleads facts that are 'merely consistent' with a defendant's liability, it 'stops short of the

---

[1] Plaintiff had up to, and including, November 16, 2012, to file an opposition. To date, plaintiff has failed to file a response.

**James C. Mahan**
**U.S. District Judge**

line between possibility and plausibility of entitlement to relief.'" *Id.* (citing *Bell Atlantic*, 550 U.S. at 557). However, where there are well pled factual allegations, the court should assume their veracity and determine if they give rise to relief. *Id.* at 1950.

Pursuant to Local Rule 7-2(d), an opposing party's failure to file a timely response to any motion constitutes the party's consent to the granting of the motion and is proper grounds for dismissal. *U.S. v. Warren*, 601 F.2d 471, 474 (9th Cir. 1979). However, prior to dismissal, the district court is required to weigh several factors: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases of their merits; and (5) the availability of less drastic sanctions."*Ghazali v. Moran*, 46 F.3d 52, 53 (9th Cir. 1995) (citing *Henderson v. Duncan*, 779 F.2d 1421, 1423 (9th Cir. 1986)).

In light of plaintiff's failure to respond and weighing the factors identified in *Ghazali*, the court finds dismissal appropriate.

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that defendants Bank of America, N.A. for itself and as successor by merger to BAC Home Loans Servicing, LP; Deutsche Bank National Trust Co. as trustee for the certificate holders of Merrill Lynch Mortgage Investors Trust, Mortgage Loan Asset-Back Certificates, Series 2007-MLN1; and Mortgage Electronic Registration Systems, Inc.'s motion to dismiss (doc. # 10) be, and the same hereby is, GRANTED.

The case is hereby dismissed as to defendants Bank of America, N.A. for itself and as successor by merger to BAC Home Loans Servicing, LP; Deutsche Bank National Trust Co. as trustee for the certificate holders of Merrill Lynch Mortgage Investors Trust, Mortgage Loan Asset-Back Certificates, Series 2007-MLN1; and Mortgage Electronic Registration Systems, Inc. without prejudice.

DATED November 29, 2012.

_____
UNITED STATES DISTRICT JUDGE